UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>SHORAI MOORE,<br><br>Defendant. | : | 26-CR-172 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS a Superseding Indictment was filed on August 31, 2026, *see* Dkt. 41;

WHEREAS Defendant filed a Motion to Dismiss Count Two of the Superseding Indictment, *see* Dkt. 44 (the "Motion");

WHEREAS the Government opposes Defendant's Motion, *see* Dkt. 48; and

WHEREAS Defendant elected to reserve the arguments in his Motion for the close of the Government's case at trial, except for his argument that Count Two of the Superseding Indictment should be dismissed based on the non-delegation doctrine, *see* Dkt. 49 at 1.

IT IS HEREBY ORDERED that the Motion to Dismiss Count Two of the Superseding Indictment, *see* Dkt. 44, is DENIED WITHOUT PREJUDICE to re-raise the arguments presented in the Motion at a more appropriate stage of this litigation. The Court's findings as to the Motion are as follows:

1. Defendant's remaining argument as to the non-delegation doctrine is prematurely raised at the motion to dismiss stage. As Defendant acknowledges in his reply, the Superseding Indictment alleges at least "one viable theory of escape" that the

Government could elect to submit to the jury at trial. Dkt. 49 at 1. This defeats Defendant's Motion, and the Superseding Indictment will not be dismissed.

2. Defendant's argument further presupposes the Government's evidence and theories that will be presented at trial as to Count Two. The Court cannot dismiss the Superseding Indictment based on Defendant's assumptions as to how the Government will present its case. The only requirements at this stage are that the Superseding Indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1); *see also United States v. Runner*, 143 F.4th 146, 156 (2d Cir. 2025) ("[A]n indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.") (citation modified). The Court finds that the Superseding Indictment satisfies these requirements, and accordingly, nothing further is required at the motion to dismiss stage.

3. Defendant's non-delegation argument is more appropriately raised at a later stage of this litigation, such as at the close of the Government's case or the charge conference. Should Defendant maintain his positions as raised in the Motion, he is encouraged to raise them at the appropriate time.

For the foregoing reasons, Defendant's Motion to Dismiss the Superseding Indictment, *see* Dkt. 44, is DENIED WITHOUT PREJUDICE to re-raise the arguments presented in the Motion at a later date. The Clerk of Court is respectfully directed to close the open motion at Dkt. 44.

**SO ORDERED.**

**Date: October 19, 2026**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**